**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMAS MEJIA, AKA Tomas Mejia Cardoza, | No. 15-71538 |
| Petitioner, | Agency No. A094-303-784 |
| v. | MEMORANDUM* |
| MERRICK P. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022**

Before: SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Tomas Mejia, a native and citizen of El Salvador, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Mejia failed to file his asylum application within a reasonable period after losing Temporary Protected Status. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. §§ 1208.4(a)(4), (5); *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013) (reviewing "reasonable period" determination for substantial evidence). Thus, Mejia's asylum claim fails.

Substantial evidence supports the agency's conclusion that Mejia failed to establish he experienced past harm that rises to the level of persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is an extreme concept that does not include every sort of treatment our society regards as offensive), or a clear probability of future persecution in El Salvador, *see Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) (petitioner's evidence did not show clear probability of future persecution). Thus, Mejia's withholding of removal claim fails.

The agency's denial of CAT protection is also supported by substantial evidence because Mejia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

15-71538

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**